# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ISAAC DE LUA-RUIZ, individually; <br> NEDIA DE LUA-RUIZ, individually; <br> and Isaac and Nedia De Lua-Ruiz, as next <br> friends of NND and AID, minors <br><br> Plaintiffs, <br><br> V. <br><br> YAMAHA MOTOR CO., LTD.; and <br> YAMAHA MOTOR CORPORATION, <br> U.S.A. <br><br> Defendants. | § § § § § § § § § § § § § § § | **CIVIL ACTION NO. C-17-00128** <br><br> **PLAINTIFFS' DESIGNATION OF LIABILITY EXPERT WITNESSES** |

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

In compliance with the Federal Rules of Civil Procedure, Rule 26(a)(2), Plaintiffs ISAAC DE LUA-RUIZ, individually; NEDIA DE LUA-RUIZ, individually; and Isaac and Nedia De Lua-Ruiz, as next friends of NND and AID, minors, disclose the identity of liability expert witnesses whom the Plaintiffs may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705.

Respectfully submitted,

*/s/ William R. Edwards, III*
William R. Edwards, III
Attorney-in-Charge
State Bar No. 06465010
Federal ID No. 7588
THE EDWARDS LAW FIRM
P.O. Box 480 (78403-0480)
Frost Bank Plaza
802 North Carancahua Street, Suite 1400

Corpus Christi, Texas 78401-0023
Telephone: (361) 698-7600
Facsimile: (361) 698-7614
E-mail: bedwards@edwardsfirm.com
federalfiling@edwardsfirm.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of March, 2018, the foregoing Designation of Liability Expert Witnesses was filed electronically via CM/ECF in the United States District Court for the Southern District of Texas with notice of same being furnished by the Court and served upon those listed below.

Jeffrey S. Hawkins
Jennifer Buntz
GERMER, BEAMAN & BROWN, PLLC
301 Congress Avenue, Suite 1700
Austin, Texas 78701
*Attorneys for Defendants Yamaha Motor Co., Ltd.; and*
*Yamaha Motor Corporation, U.S.A.*

Frank D. Hosley
BOWMAN AND BROOKE, LLP
1064 Greenwood Blvd., Suite 212
Lake Mary, Florida 32746
*Attorneys for Defendants Yamaha Motor Co., Ltd.; and*
*Yamaha Motor Corporation, U.S.A.*

/s/ William R. Edwards, III
William R. Edwards, III

# PLAINTIFFS' DESIGNATION OF LIABILITY EXPERT WITNESSES

> **Rule 26(a)(2)(B). [Liability] Experts Retained by Plaintiffs.**

**Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:**

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

1. **Roland Hoover**

   Robson Forensic, Inc.
   1999 S. Bascom Avenue, Suite 700
   Campbell, CA 95008
   669-273-6440

   Roland Hoover is a licensed professional mechanical engineer who specializes in the area of motorcycle and vehicle engineering. He has knowledge and experience as described in his Curriculum Vitae referenced below. Mr. Hoover has inspected and ridden the subject motorcycle and an exemplar motorcycle, and has reviewed and analyzed documents produced by the Yamaha Defendants and exchanged by the parties in this case as identified on

the list of documents provided to him referenced below.  Mr. Hoover has further reviewed the deposition testimony identified on the list of documents provided to him referenced below.

Mr. Hoover's expert report (PEH000036-60) is attached hereto as Exhibit 1.

The facts or data considered by Roland Hoover are set out in his report and attachments to it, as are exhibits that may be used to summarize or support them.

Documents that were provided to Roland Hoover in this case are listed on Attachment A, at pages 16-23 (PEH000051-58) to Mr. Hoover's Report (Exhibit 1).

Mr. Hoover's CV (PEH000061-64) is attached hereto as Exhibit 1a.

Mr. Hoover's testimony information is provided on page 4 (PEH000039) of his report (Exhibit 1).

Mr. Hoover's statement of compensation is provided on page 4 (PEH000039) of his report (Exhibit 1).

2. **Randy Nelson**

   Motorcycle Dynamics
   701 S. Andreasen Dr., Suite A
   Escondido, CA  92029
   760-489-5952

   Randy Nelson is an expert in the area of motorcycle and all-terrain vehicle operation. He has knowledge and experience as described in his Curriculum Vitae referenced below.  Randy Nelson has inspected and ridden the subject motorcycle and an exemplar motorcycle, and has reviewed and analyzed documents produced by the Yamaha Defendants and exchanged by the parties in this case as identified on the list of documents provided to him referenced below.  Mr. Nelson has further reviewed the deposition testimony also identified on the list of documents provided to him referenced below.

   Mr. Nelson's expert report (PENR000076-85) is attached hereto as Exhibit 2.

The facts or data considered by Randy Nelson are set out in his report, as are exhibits that may be used to summarize or support them.

A list of documents provided to Randy Nelson in this case is attached hereto as Exhibit 2a (PENR000086-92).

Mr. Nelson's CV and Testimony List (PENR000001-7) is attached hereto as Exhibit 2b.

Mr. Nelson's statement of compensation is identified on page PENR000083 of his Report (Exhibit 2).

---

**Rule 26(a)(2)(B). [Liability] Experts Not Retained by Plaintiffs.**

**Unless otherwise stipulated or ordered by the court, if the witness is not [a retained expert], this disclosure must state:**

    **(i)   the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and**

    **(ii)  a summary of the facts and opinions to which the witness is expected to testify.**

---

**1.    Officer Michael R. Castillo**

Corpus Christi Police Department
321 John Sartain St.
Corpus Christi, Texas 78401
361-886-2600

Michael R. Castillo is a senior officer with the Corpus Christi Police Department, who was dispatched to the scene of the incident in question. He has been deposed in this case. To the extent that Officer Castillo's work at the scene and/or his deposition testimony is expert opinion, and to the extent that he is shown to be a qualified and reliable expert who can properly render such opinion, Plaintiffs identify him as a non-retained expert.

See the deposition of Officer Castillo and the exhibits thereto.

**Other Experts Not Retained by Plaintiffs**

Plaintiff may call custodians of the records for the businesses and agencies named by Plaintiffs as persons with knowledge of relevant facts and/or whose records have been produced in discovery in this case, to testify to the business records nature of all documents produced by them, and the authenticity of the records on this matter.

Under the adverse witness/party rule, Plaintiff may call witnesses who have been designated by Defendants as expert witnesses subject to their qualifications, if any, and Plaintiffs hereby give notice of their intent to offer into evidence any statements of such witnesses which constitute admissions of a party opponent within the meaning of Rule 801(d)(2). Under this Rule, Plaintiff may elicit testimony from those witnesses who are/were designated by the Defendants as expert witnesses.

Plaintiff may elicit expert testimony from any expert witnesses named by any Defendant, if shown to be qualified. If any such experts appear as witnesses and are shown to be qualified as experts, Plaintiff may seek to elicit testimony from them.